Mr. Justice Clayton
delivered the opinion of the Court.
This was a bill filed by Hester in the vice-chancery court at Carrollton, to rescind a contract for the sale of a tract of land, and to obtain a decree for the repayment of nine hundred dollars, paid by him when the contract was made, and for the can-celling of several notes which he executed for the balance of the purchase-money.
The title bond executed by Hooker bound him to give possession of the premises 1st September, 1838, upon the payment of one of the notes by-.Hester, but distinctly states the payment is to precede the surrender of possession. Hester then resided in the state of Kentucky. Before the time appointed for the delivery of possession Hester wrote to Hooker, that he was unable to comply with the contract, and asking for the repayment of the money paid, and for a rescission of the contract. Hooker refused to repay the whole amount, but offered to pay part and rescind ; this was declined by Hester. In October, 1838, Hooker sold the premises to one Thomas Young, and put him in possession. At a subsequent period, this contract was rescinded. Hester’s bill was filed, to which a demurrer was interposed, and overruled. Hooker then filed a cross-bill for a specific performance of the contract, alleging a readiness upon his part to comply. The vice-chancellor dismissed Hester’s bill with costs, but made no decree as to the cross-bill.
A bill for a specific performance, or for the rescission of a contract, is addressed to the sound discretion of the court. No certain, definite rule can be laid down, which would determine when a party was or was not entitled to such relief. Cases are numerous in which both bill and cross-bill have been dismissed, and the parties respectively left to their remedies at law. When the complainant has not done all that he stipulated to do, or has not placed himself in a situation to be ready to do so, upon compliance on the other side, the court will not interpose in his behalf. The complainant in the original bill stands here in that position. He not only has not performed his part of the contract, but he makes his own inability to perform in reality the ground of asking for a rescission. There is no pretence, *779 that Hooker would not have complied punctually with his engagement, if the other party had performed his part. Hooker’s alleged breach of the contract was after the failure of the complainant to comply.
It is said in argument that Hester is entitled to the relief prayed for in chancery, because a court of law cannot compel a delivery of his notes which are now outstanding. This may be true, and yet a court of equity may not, on that account, be authorized or required to assume jurisdiction. If the outstanding of a complainant’s notes, in a case free from fraud, is a circumstance in itself and standing alone, which gives right to a court of equity to interpose, then the sphere of its jurisdiction will be greatly enlarged. The principle would be applicable to notes of every description, as well those given for personabas for real property. In a state where notes are negotiable, in the mercantile sense of the term, a bill to restrain their transfer, and to compel their cancellation, might perhaps be maintained. But here, where the consideration may be inquired into, as well after assignment as before, equity would not assume jurisdiction to inquire into their validity, in a case like this; but would leave the parties to settle the question at law.
From the conduct of Hooper in selling the land to Young, we think he has placed himself in a situation, in which he is not entitled to a decree for a specific performance. We shall therefore leave the parties to their legal remedies.
The decree of the court below dismissing the bill of Hester, is affirmed; the cross-bill of Hooker will likewise be dismissed at his (Hooker’s) costs. Hester to pay the costs of this court.
This decree to be without prejudice to any remedy at law which either party may think proper to pursue.